21 F.3d 1119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dale Thomas WAUGH, Plaintiff-Appellant,
v.
Art CURTIS, Prosecutor, Clark County Courthouse; Mike
Dodds, Deputy Prosecutor, Clark County Courthouse,
Defendants-Appellees.
 No. 93-35802.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 29, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dale Thomas Waugh, a Washington state prisoner, appeals pro se the district court's denial of his motion for a preliminary injunction in his 42 U.S.C. Sec. 1983 action against Clark County Prosecutors Art Curtis and Mike Dodds. We have jurisdiction under 28 U.S.C. Sec. 1292(a)(1), and we affirm.
 
 
 3
 We review the denial of a preliminary injunction for an abuse of discretion. Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989). A preliminary injunction should be granted if the moving party shows either (1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) that serious questions are raised and the balance of hardships tips in his favor. Id.
 
 
 4
 Here, Waugh sought a preliminary injunction against the county prosecutors' alleged interference with his attempts to post bond for his release pending appeal in state court, and other unspecified illegal acts. The Clark County Superior Court set Waugh's bail pending appeal at $100,000. Defendant Dodds told Waugh's counsel that the state would not stipulate to the proposed conditions of Waugh's release or the sufficiency of the bond documents, and that counsel would have to file a motion for approval of the bond. Instead, Waugh's wife attempted to post bond in Pierce County Superior Court. When the Pierce County court clerk rejected the bond, Mrs. Troy[1] attempted to file it in Clark County Superior Court, but the clerk there rejected it after consulting with Dodds. Mrs. Troy then attempted to see the judge ex parte, but he refused to see her.
 
 
 5
 Defendants presented evidence that Waugh's appeal bond was rejected for noncompliance with local court rules.[2] Waugh presented no evidence that the proposed bond complied with the rules. Consequently, Waugh has not shown probable success on the merits or that a serious question has been raised. See id. Accordingly, the district court did not abuse its discretion in denying the motion for a preliminary injunction. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Waugh's wife uses his alias, Troy
 
 
 [2]
 Dodds contends that Waugh's first proposed bond did not meet Clark County Superior Court's requirements for property bonds in criminal cases, as set forth in a June 16, 1987 court memorandum. Dodds further contends that Waugh's second attempt to post bond was presented to the wrong court, and that the clerk rejected Waugh's third attempt after Dodds informed her that neither the prosecutor nor the court had approved it